Peter L. Carr, IV (SBN 256104)
pcarr@siascarr.com
Jason O. Sias (SBN 279196)
jsias@siascar.com
**SIAS | CARR LLP**
9701 Wilshire Blvd., 10th Fl. #282
Beverly Hills, CA 90212
Telephone:   (310) 400-5890
Facsimile:    (323) 400-5895
Co-Counsel for Plaintiffs

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF LIONEL GIBSON, JR. and as Successors in Interest to Lionel Gibson, deceased, ALICE V. CORLEY and LIONEL GIBSON, SR., individually.<br><br>        Plaintiffs,<br><br>vs.<br><br>CITY OF LONG BEACH; CHIEF ROBERT G. LUNA, in his individual and official capacity; OFFICER CHRISTOPHER BRAMMER, in his individual and official capacity; OFFICER FERNANDO D. ARCHULETA, in his individual and official capacity; OFFICER BERANDO BARAJAS,  in his individual and official capacity; OFFICER CRAIG M. HAZLEWOOD,  in his individual and official capacity; OFFICER RANDALL J. BEACH,  in his individual and official capacity; OFFICER RUDOLFO RIOS,  in his individual and official capacity;  and DOES 1 through 50 | Case No.<br><br>**PLAINTIFFS' COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**<br><br>1. Unreasonable Search and Seizure - Detention and Arrest (42 U.S.C. § 1983)<br>2. Excessive Force and Denial of Medical Care (42 U.S.C. § 1983)<br>3. Substantive Due Process (42 U.S.C. § 1983)<br>4. Interference with Parent-Child Relationship (42 U.S.C. § 1983)<br>5. Custom, Practice or Policy Causing Violation of Civil Rights (42 U.S.C. § 1983)<br>6. False Arrest - Wrongful Death (Cal. Civ. Proc. Code § 377.60)<br>7. Battery - Wrongful Death (Cal. Govt. Code § 820)<br>8. Negligence – Wrongful Death (Cal. Govt. Code § 820)<br>9. Violation of the Bane Act (Cal. Civil Code §§ 52 and 52.1) |

Gibson Complaint REVISED

1

**PLAINTIFFS' COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

SIAS | CARR, LLP
9701 Wilshire Boulevard, 10th Floor #282
Beverly Hills, CA 90212
T: (310) 400-5890 | F: (310) 400-5895

1  inclusive,

       Defendants.

10. Violation of California Government
    Code § 845.6

Plaintiffs, ESTATE OF LIONEL GIBSON, JR. as successor in interest of the Estate

of Lionel Gibson, Jr., decedent, and in their individual capacities, ALICE V.

CORLEY and LIONEL GIBSON, SR. complains of Defendants CITY OF LONG

BEACH, CHIEF ROBERT G. LUNA, in his individual and official capacity,

OFFICER CHRISTOPHER BRAMMER, in his individual and official capacity,

OFFICER FERNANDO D. ARCHULETA, in his individual and official capacity,

OFFICER BERANDO BARAJAS,  in his individual and official capacity,

OFFICER CRAIG M. HAZLEWOOD,  in his individual and official capacity,

OFFICER RANDALL J. BEACH,  in his individual and official capacity, OFFICER

RUDOLFO RIOS, and DOES 1-50 inclusive, as follows:

## JURISIDICTION AND VENUE

1.     This Court has original jurisdiction under 28 U.S.C. §§ 1331, 1343 (a)(3)-(4)

because Plaintiffs assert claims arising under the laws of the United States that

include 42 U.S.C. § 1983 and the Fourth, Eighth and Fourteenth Amendments of the

United States Constitution.

2.     This court has supplemental jurisdiction over Plaintiff's claims arising under

state law pursuant to 28 U.S.C. § 1367 (a) because those claims are so related to the

federal claims that they form part of the same case or controversy under the Article

III of the United States Constitution.

3.     The venue is proper in the Central District of California pursuant to 28 U.S.C.

§§ 1391(b) and (e).  This court is proper because Defendants reside in this district

**PLAINTIFFS' COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

SIAS | CARR, LLP
9701 Wilshire Boulevard, 10th Floor #282
Beverly Hills, CA 90212
T: (310) 400-5890 | F: (310) 400-5895

and the unlawful actions challenged occurred in this district.

## CLAIMS STATUTE REQUIREMENT

4.      On or about May 16, 2016, Plaintiffs filed a timely Governmental Claims for Damages with the City of Long Beach. On or about August 25, 2016, said Claims for Damages was denied by the City of Long Beach.

## PARTIES

5.      At all relevant times herein, LIONEL GIBSON, JR. (hereinafter referred to as "DECEDENT") was an individual residing in the City of Long Beach, County of Los Angeles, California.

6.      At all relevant times herein, ALICE V. CORLEY was an individual residing in the City of East Point, County of Fulton, Georgia and is the natural mother to the deceased LIONEL GIBSON, JR. Plaintiff ALICE V. CORLEY asserts all survival claims and rights under California law that survive her son's death pursuant to California Code of Civil Procedure § 377.30, and any survival claim she may bring under 42 U.S.C. § 1983 in her capacity as her son's successor-in-interest.

7.      At all relevant times herein, LIONEL GIBSON, SR. was an individual residing in Portmore, Jamaica and is the natural father to the deceased LIONEL GIBSON, JR. Plaintiff LIONEL GIBSON, SR. brings this action as successor-in-interest to the Estate of his son LIONEL GIBSON, JR. (deceased). Plaintiff LIONEL GIBSON, SR. asserts all survival claims and rights under California law that survive his son's death pursuant to California Code of Civil Procedure § 377.30, and any survival claim she may bring under 42 U.S.C. § 1983 in his capacity as his son's successor-in-interest.

8.      At all relevant times herein, the LONG BEACH POLICE DEPARTMENT ("LBPD") was a department of the defendant CITY OF LONG BEACH ("CITY"), a public entity duly organized and existing under the laws of the State of California, and was responsible for the hiring, retaining, training and supervision of the

SIAS | CARR, LLP
9701 Wilshire Boulevard, 10th Floor #282
Beverly Hills, CA 90212
T: (310) 400-5890 F: (310) 400-5895

**PLAINTIFFS' COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

conduct, policies and practices of its employees and agents of the LBPD and all of its members, agents and employees.

9.     Plaintiffs are informed and believe and thereon allege that at all relevant times, CHIEF ROBERT G. LUNA was the Chief of the Long Beach Police Department and is responsible for supervising all LBPD officers, for making sure that complaints of excessive force are adequately investigated and that appropriate corrective action is taken and for maintaining and implementing the policies regarding the use of force by the LBPD and is directly responsible for Plaintiffs' damages.  Defendant CHIEF LUNA is sued in his individual and official capacity on all claims.

10.     At all relevant times herein, Defendants OFFICER CHRISTOPHER BRAMMER, OFFICER FERNANDO D. ARCHULETA, OFFICER BERANDO BARAJAS, OFFICER CRAIG M. HAZELWOOD, OFFICER RANDALL J. BEACH and OFFICER RUDOLFO RIOS, were duly authorized employees and agents of the Long Beach Police Department ("LBPD"), acting under color of law within the course and scope of their respective duties as LBPD police officers and with the complete authority and ratification of Defendant CITY.  Each Defendant is responsible for some part of the conduct and liabilities herein.

11.     At all relevant times, Defendants DOES 1-50, individually and as a peace officers; were duly authorized employees and agents of CITY, who were acting under color of law within the course and scope of their respective duties as police officers and within the complete authority and ratification of their principal, Defendant CITY .

12.     In doing the acts and failing and omitting to act as hereinafter described, Defendants, individually and as peace officers; were acting on the implied and actual permission and consent of the CITY.

SIAS | CARR, LLP
9701 Wilshire Boulevard, 10th Floor #282
Beverly Hills, CA 90212
T: (310) 400-5890 F: (310) 400-5895

**PLAINTIFFS' COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

13.     At all times mentioned herein, each and every CITY defendant was the agent of each and every other CITY defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every CITY defendant.

14.     At all relevant times, Defendants, individually and as peace officers; were working for Defendant CITY as police officers.

15.     Plaintiffs are unaware of the true names and capacities of those Defendants named herein as DOES 1-50 Defendants. Plaintiffs will amend this Complaint to allege said Defendants' true names and capacities when that information becomes known to Plaintiffs. Plaintiffs are informed and believes, and thereon alleges that these DOES 1-50 are legally responsible and liable for the incident, injuries, and damages hereinafter set forth, and that each of said Defendants proximately caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional, willful, or wanton misconduct, including the negligent, careless, deliberately indifferent, intentional, willful, or wanted misconduct in creating and otherwise causing the incidents, conditions, and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matters herein alleged. Plaintiffs will seek to amend this Complaint to set forth said true names and identities of the unknown named DOE Defendants when they are ascertained.

## FACTS COMMON TO ALL COUNTS

16.     Plaintiffs repeat, reallege, and incorporate by reference paragraphs 1-15 as though set forth in full herein.

17.     On or about May 7, 2016, DECEDENT was shot and killed by Defendants OFFICER CHRISTOPHER BRAMMER, OFFICER FERNANDO D. ARCHULETA, OFFICER BERANDO BARAJAS, OFFICER CRAIG M. HAZELWOOD, OFFICER RANDALL J. BEACH and OFFICER RUDOLFO RIOS (collectively "OFFICERS") in the area of 21st Street and Locust Avenue, blocks away from his residence.

**PLAINTIFFS' COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

SIAS│CARR, LLP
9701 Wilshire Boulevard, 10th Floor #282
Beverly Hills, CA 90212
T: (310) 400-5890 F: (310) 400-5895

18.     Upon information and belief, DECEDENT had not committed any crime. Defendants, individually and as peace officers; who were CITY police officers, had neither reasonable suspicion to detain DECEDENT nor probable cause to arrest him.

19.     Defendant OFFICERS and DOES, individually and as peace officers; while acting in the course and scope of their employment with CITY, negligently assessed the circumstances presented to them and violently confronted DECEDENT without having probable cause to believe that DECEDENT had committed a crime, or would commit a crime in the future or was a threat to himself, the public or any peace officer at the scene.

20.     While Lionel complied with the Defendant OFFICERS and without warning, Defendant OFFICERS repeatedly and unjustifiably fired multiple rounds from their department issued firearms, which caused DECEDENT to become severely injured.

21.     Upon information and belief, while DECEDENT was kneeling in his own blood and attempting to comply with Defendant OFFICERS contradicting commands to raise his hands and to not move and without rendering medical aid to an obviously injured citizen, Defendant OFFICERS repeatedly and unjustifiably fired a second volley of multiple deadly rounds from their department issued firearms, which proved to be fatal.  DECEDENT died as a proximate and direct cause of the gun-shot wounds.

22.     At no time during the course of these events did DECEDENT pose any reasonable threat of violence to the defendant officers, nor did she do anything to justify the use of deadly, excessive, unreasonable, unlawful and unnecessary force against her, by the defendant officers.

23.     Both prior to and during the time in which DECEDENT was shot and killed by Defendants, she posed no reasonable or credible threat of violence to Defendants, nor to any other individual.

24.     Both prior to and during the time in which DECEDENT was shot to death by Defendant OFFICERS, DECEDENT made no aggressive movements, no furtive

SIAS | CARR, LLP
9701 Wilshire Boulevard, 10th Floor #282
Beverly Hills, CA 90212
T: (310) 400-5890 F: (310) 400-5895

**PLAINTIFFS' COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

gestures, and no physical movements which would suggest to a reasonable officer that the DECEDENT had the will, or the ability to inflict substantial bodily harm against any individual or officer.

25.   DECEDENT was shot to death at the scene of the incident by Defendant OFFICERS.

26.   On information and belief, Defendants individually and as peace officers had no information that DECEDENT had committed any crime.

27.   In committing the acts alleged in this complaint, Defendants acted knowingly, maliciously, and with reckless or callous disregard for the constitutional rights of Plaintiffs, justifying an award of punitive damages under federal and California law against each individual defendant.

## MONELL ALLEGATIONS

28.   Based upon the principles set forth in *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978), CITY is liable for all injuries sustained by Plaintiffs set forth herein.  CITY bears liability because its policies, practices and/or customs were a cause of DECEDENT'S death and Plaintiffs' injuries.  CITY and its officials maintained or permitted one or more of the following official policies or customs:

A.   Failure to provide adequate training and supervision to sheriff deputies with respect to constitutional limits on the use of deadly force;

B.   Failure to provide adequate training and supervision to sheriff deputies with respect to constitutional limits on the use of force and detention.

C.   Failure to adequately investigate, take appropriate corrective action, discipline or retrain officers involved in misconduct;

D.   Selection, retention, and assignment of deputies with demonstrable propensities for excessive force, violence, dishonesty and other misconduct;

E.   Condonation and encouragement of deputies in the belief that they can violate the rights of persons, such as DECEDENT, with impunity, and that such

**PLAINTIFFS' COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

SIAS | CARR, LLP
9701 Wilshire Boulevard, 10th Floor #282
Beverly Hills, CA 90212
T: (310) 400-5890  F: (310) 400-5895

conduct will not adversely affect their opportunities for promotion and other employment benefits.

F.    Ratification by the highest levels of authority of the specific unconstitutional acts alleged in this complaint and, in particular, the ratification of conduct and the wrongful death of DECEDENT.

## FIRST CAUSE OF ACTION

**Unreasonable Search and Seizure - Detention and Arrest (42 U.S.C. § 1983) (Plaintiffs THE ESTATE OF LIONEL GIBSON, JR., ALICE V. CORLEY and LIONEL GIBSON, SR. against all Defendants and DOES 1-50, inclusive <u>except</u> CHIEF ROBERT G. LUNA)**

29.    Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs, as well as any subsequent paragraphs contained in the Complaint, as if fully set forth herein.

30.    Defendants, individually and as peace officers; caused DECEDENT to be detained and arrested in violation of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

31.    As a result of the conduct of Defendants, individually and as peace officers; they are liable for DECEDENT's injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent violations.

32.    The DECEDENT was detained without reasonable suspicion and arrested without probable cause.

33.    The conduct of Defendants, individually and as peace officers was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendants.

**PLAINTIFFS' COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

SIAS | CARR, LLP
9701 Wilshire Boulevard, 10th Floor #282
Beverly Hills, CA 90212
T: (310) 400-5890  F: (310) 400-5895

34.    Plaintiffs seek damages as successors-in-interest to DECEDENT and representative of the DECEDENT's estate.

35.    Plaintiffs also seek attorney fees under this claim pursuant to 42 U.S.C. § 1988.

## SECOND CAUSE OF ACTION

### Excessive Force and Denial of Medical Care (42 U.S.C. § 1983)

### (Plaintiffs THE ESTATE OF LIONEL GIBSON, JR., ALICE V. CORLEY and LIONEL GIBSON, SR. against all Defendants and DOES 1-50, inclusive except CHIEF ROBERT G. LUNA)

36.    Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs, as well as any subsequent paragraphs contained in the Complaint, as if fully set forth herein.

37.    Defendants, individually and as peace officers, unjustified shooting deprived DECEDENT on his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment of the United States Constitution and applied to state actors by the Fourteenth Amendment.

38.    The unreasonable use of force by Defendants, individually and as peace officers, deprived the DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment of the United States Constitution and applied to state actors by the Fourteenth Amendment.

39.    As a result, DECEDENT suffered extreme pain and suffering and eventually suffered a loss of life and of earning capacity for which THE ESTATE OF LIONEL GIBSON, JR. is entitled to recover damages. Plaintiffs have also been deprived of their life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives. Plaintiffs are also claiming funeral and burial expenses, loss of gifts and benefits and loss of financial support.

SIAS | CARR, LLP
9701 Wilshire Boulevard, 10th Floor #282
Beverly Hills, CA 90212
T: (310) 400-5890  F: (310) 400-5895

**PLAINTIFFS' COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

40.  As a result of the conduct of Defendants, individually and as peace officers, they are liable for DECEDENT's injuries, either because they were integral participants in the excessive force, or because they failed to intervene to prevent these violations.

41.  Defendants, individually and as peace officers, knew or should have known that failure to provide timely medical treatment to DECEDENT could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing her great bodily harm and death.

42.  This use of deadly force was excessive and unreasonable under the circumstances, especially since DECEDENT had done nothing violent before, during and after he was shot to death. Defendants' actions, individually and as peace officers, thus deprived DECEDENT of her right to be free from unreasonable searches and seizures under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

43.  The conduct of Defendants, individually and as peace officers, was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendants.

44.  Plaintiffs seek damages as successors-in-interest to DECEDENT and as representatives of the DECEDENT's estate.

45.  Plaintiffs also seek attorney fees under this claim pursuant to 42 U.S.C. § 1988.

///

///

///

SIAS | CARR, LLP
9701 Wilshire Boulevard, 10th Floor #282
Beverly Hills, CA 90212
T: (310) 400-5890  F: (310) 400-5895

**PLAINTIFFS' COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

SIAS | CARR, LLP
9701 Wilshire Boulevard, 10th Floor #282
Beverly Hills, CA 90212
T: (310) 400-5890 | F: (310) 400-5895

**THIRD CAUSE OF ACTION**

**Substantive Due Process (42 U.S.C. § 1983)**

**(Plaintiffs THE ESTATE OF LIONEL GIBSON, JR., ALICE V. CORLEY and LIONEL GIBSON, SR. against all Defendants and DOES 1-50, inclusive except CHIEF ROBERT G. LUNA)**

46.     Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs, as well as any subsequent paragraphs contained in the Complaint, as if fully set forth herein.

47.     Plaintiffs have a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them from life, liberty, or property in such a manner as to shock the conscious, including but not limited to, unwarranted state interference in Plaintiffs' familial relationship with DECEDENT.

48.     DECEDENT had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them from life, liberty, or property in such a manner as to shock the conscious.

49.     As a result of the shooting by Defendant OFFICERS, individually and as a peace officers, DECEDENT died. Plaintiffs were thereby deprived of their constitutional right of familial relationship with DECEDENT.

50.     Defendants, individually and as peace officers, acting under the color of state law, thus violated the Fourteenth Amendment of Plaintiffs to be free from unwarranted interference with their familial relationship with DECEDENT.

51.     The aforementioned actions of Defendants, individually and as peace officers, along with other undiscovered conduct, shook the conscious, in that they acted with deliberate indifference to the constitutional rights of DECEDENT, Plaintiffs and with purpose to harm unrelated to any legitimate law enforcement objective.

52.     As a direct and proximate cause of the acts of the Defendants, individually

**PLAINTIFFS' COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

and as peace officers, DECEDENT experienced severe pain and suffering and lost her life and earning capacity for which THE ESTATE OF LIONEL GIBSON, JR. is entitled to recover damages. Plaintiffs have also been deprived of their life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives. Plaintiffs are also claiming funeral and burial expenses, loss of gifts and benefits and a loss of financial support.

53.     The conduct of Defendants, individually and as peace officers, was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendants.

54.     Plaintiffs seek punitive damages.

55.     Plaintiffs also seek attorney fees under this claim pursuant to 42 U.S.C. § 1988.

**FOURTH CAUSE OF ACTION**

**Interference with Familial Relationship and**

**Freedom of Association (42 U.S.C. § 1983)**

**(Plaintiffs THE ESTATE OF LIONEL GIBSON, JR., ALICE V. CORLEY**

**and LIONEL GIBSON, SR. against all Defendants and DOES 1-50, inclusive**

**<u>except</u> CHIEF ROBERT G. LUNA)**

56.     Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs, as well as any subsequent paragraphs contained in the Complaint, as if fully set forth herein.

57.     Plaintiffs had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in their familial relationship with their son, DECEDENT.

**PLAINTIFFS' COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

SIAS | CARR, LLP
9701 Wilshire Boulevard, 10th Floor #282
Beverly Hills, CA 90212
T: (310) 400-5890 | F: (310) 400-5895

58.      As a result of the excessive force by Defendants, individually and as peace officers; and the failure of Defendants to intervene, DECEDENT died. Plaintiffs were thereby deprived of their constitutional right and familial relationship with DECEDENT.

59.      Defendants, individually and as peace officers, acting under color of state law, thus violated the Fourteenth and Amendment rights of Plaintiffs to be free from unwarranted interference with their familial relationship with DECEDENT.

60.      The aforementioned actions of Defendants, individually and as peace officers, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of DECEDENT, Plaintiffs and with purpose to harm unrelated to any legitimate law enforcement objective.

61.      As a direct and proximate cause of the acts of Defendants, individually and as peace officers, Plaintiffs have also been deprived of the life-long comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives. Plaintiffs are also claiming funeral and burial expenses, loss of gifts and benefits and a loss of financial support.

62.      The conduct of Defendants, individually and as peace officers, and was malicious, oppressive and in reckless disregard for the rights and safety of DECEDENT and Plaintiffs, and therefore warrants the imposition of exemplary and punitive damages as to Defendants.

63.      Decedent's successors-in-interest seek wrongful death damages under this claim.

///

///

///

**PLAINTIFFS' COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

SIAS | CARR, LLP
9701 Wilshire Boulevard, 10th Floor #282
Beverly Hills, CA 90212
T: (310) 400-5890 F: (310) 400-5895

SIAS│CARR, LLP
9701 Wilshire Boulevard, 10th Floor #282
Beverly Hills, CA 90212
T: (310) 400-5890) F: (310) 400-5895

## FIFTH CAUSE OF ACTION

**Custom, Practice or Policy Causing Violation of Civil Rights (42 U.S.C. § 1983) (Plaintiffs THE ESTATE OF LIONEL GIBSON, JR., ALICE V. CORLEY and LIONEL GIBSON, SR. against all Defendants and DOES 1-50, inclusive)**

64.    Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs, as well as any subsequent paragraphs contained in the Complaint, as if fully set forth herein.

65.    On or about May 7, 2016, Defendant OFFICERS' action under the color of state law in their personal capacity deprived DECEDENT of the rights, privileges, and immunities secured by the Fourth Amendment right against unreasonable searches and seizures, Eighth Amendment right against cruel and unusual punishment under the United Sates Constitution, by maintaining and enforcing a custom, policy, or practice of negligently hiring, retaining, training, assigning, supervising and disciplining medical personnel who are predisposed to unlawfully detain and/or arrest DECEDENT, deny access to medical attention or fail to provide medical attention for serious medical conditions, and of permitting, condoning, and ratifying violations by its officers and other medical providers.

66.    On or about May 7, 2016, and for some time prior thereto and since that time, Defendants have condoned, tolerated, and accepted:

a.    the deliberate indifference in the use of excessive force to effect lawful arrests and detention of citizens, the unlawful arrests and detention of citizens, denial of medical attention, access to medical care, and treatment to detainees.

b.    the deprivation of access to the courts by engaging in a cover-up of violations of constitutional rights, to wit: allowing, tolerating, and/or encouraging officers/agents to file false reports, make false statements, obstruct and/or interfere with investigations of unconstitutional or unlawful conduct, by withholding and/or concealing material

**PLAINTIFFS' COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

information, and evidence, and ignoring and/or failing to adequately
investigate and discipline unconstitutional or unlawful activity.

67.    Said acts and omissions, practices, customs, or policies by Defendants were the driving force behind the violation of constitutional rights and damages complained of herein by Plaintiffs.

**SIXTH CAUSE OF ACTION**

**False Arrest – Wrongful Death**

**(Plaintiffs THE ESTATE OF LIONEL GIBSON, JR., ALICE V. CORLEY and LIONEL GIBSON, SR. against all Defendants and DOES 1-50, inclusive <u>except</u> CHIEF ROBERT G. LUNA)**

68.    Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs, as well as any subsequent paragraphs contained in the Complaint, as if fully set forth herein.

69.    Defendants, individually and as peace officers, while working as Police Officers for CITY, and acting within the scope of their duties, intentionally deprived DECEDENT of her freedom of movement by use of force, including deadly force, threats of force, menace, fraud, deceit and unreasonable duress. Defendants, individually and as peace officers, also detained DECEDENT. Said detention was made without reasonable suspicion. There was an attempt to arrest DECEDENT. Said arrest was attempted without probable cause.

70.    DECEDENT did not knowingly or voluntarily consent.

71.    The conduct of Defendants, individually and as peace officers; and was a substantial factor in causing the harm to DECEDENT.

72.    CITY is vicariously liable for the wrongful acts of Defendants, individually and as peace officers; pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for injuries causes by its employees within the scope of the employment if the employee's act would subject him or her to liability.

SIAS | CARR, LLP
9701 Wilshire Boulevard, 10th Floor #282
Beverly Hills, CA 90212
T: (310) 400-5890  F: (310) 400-5895

**PLAINTIFFS' COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

73.     The conduct of Defendants, individually and as peace officers; was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of DECEDENT, entitling Plaintiffs to an award of exemplary and punitive damages.

74.     Plaintiffs were dependent on the DECEDENT, including financially dependent.

75.     Plaintiffs are seeking wrongful death damages under this claim.

**SEVENTH CAUSE OF ACTION**

**Battery – Wrongful Death (Cal. Govt. Code § 820)**

**(Plaintiffs THE ESTATE OF LIONEL GIBSON, JR., ALICE V. CORLEY and LIONEL GIBSON, SR. against all Defendants and DOES 1-50, inclusive <u>except</u> CHIEF ROBERT G. LUNA)**

76.     Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs, as well as any subsequent paragraphs contained in the Complaint, as if fully set forth herein.

77.     Defendant OFFICERS, individually and as a peace officers, while working as a Police Officers for the CITY Police Department, and acting within the course and scope of their duties, intentionally shot DECEDENT to death. As a result of the actions by the Defendant OFFICERS, DECEDENT suffered severe pain and suffering and ultimately died from her injuries and lost earning capacity for which the Plaintiffs are entitled to recover damages. Defendants had no legal justification for using force against DECEDENT, and said defendants' force was unreasonable, especially since DECEDENT did not commit any crime when she was shot to death.

78.     As a direct and proximate result of defendants' conduct as alleged above, Plaintiffs suffered extreme and severe mental anguish and pain and have been injured in mind and body. Plaintiffs also have been deprived of their life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives. Plaintiffs also are claiming funeral and burial expenses, loss of gifts and benefits and loss of

SIAS | CARR, LLP
9701 Wilshire Boulevard, 10ᵗʰ Floor #282
Beverly Hills, CA 90212
T: (310) 400-5890 F: (310) 400-5895

**PLAINTIFFS' COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

financial support.

79.    CITY is vicariously liable for the wrongful acts of Defendants, individually and as peace officers, pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for injuries causes by its employees within the scope of the employment if the employee's act would subject him or her to liability.

80.    The conduct of Defendants, individually and as peace officers, was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of DECEDENT, entitling Plaintiffs to an award of exemplary and punitive damages.

81.    Plaintiffs were dependent on the DECEDENT, including financially dependent.

82.    Plaintiffs are seeking wrongful death damages under this claim.

## EIGHTH CAUSE OF ACTION

### Negligence– Wrongful Death (Cal. Govt. Code § 820)

### (Plaintiffs THE ESTATE OF LIONEL GIBSON, JR., ALICE V. CORLEY and LIONEL GIBSON, SR. against all Defendants and DOES 1-50, inclusive except CHIEF ROBERT G. LUNA)

83.    Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs, as well as any subsequent paragraphs contained in the Complaint, as if fully set forth herein.

84.    The actions and inactions of the Defendants, individually and as peace officers; were negligent and reckless, including but not limited to:

   a. The failure to properly assess the need to detain, arrest, and use force or deadly force against DECEDENT;

   b. The negligent tactics and handling of the situation with DECEDENT;

   c. The negligent detention, arrest, and use of force, including deadly force, against DECEDENT;

   d. The failure to provide prompt medical care to DECEDENT;

SIAS│CARR, LLP
9701 Wilshire Boulevard, 10th Floor #282
Beverly Hills, CA 90212
T: (310) 400-5890 F: (310) 400-5895

**PLAINTIFFS' COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

e.  The failure to properly train and supervise employees, both professional and non-professional, including Defendants.

f.  The failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of DECEDENT;

g.  The negligent handling of evidence and witnesses.

85.   As a direct and proximate result of defendants' conduct as alleged above, and other undiscovered negligent conduct, DECEDENT was caused to suffer severe pain and suffering and ultimately died and lost earning capacity for which Plaintiffs are entitled to recover damages. Also as a direct and proximate result of defendants' conduct alleged above, Plaintiffs suffered extreme and severe mental anguish and pain and have been injured in mind and body. Plaintiffs also have been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives. Plaintiffs are also claiming funeral and burial expenses, loss of gifts and benefits and loss of financial support.

86.   CITY is vicariously liable for the wrongful acts of Defendants, individually and as peace officers, pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for injuries causes by its employees within the scope of the employment if the employee's act would subject him or her to liability.

87.   Plaintiffs were dependent on the DECEDENT, including financially dependent.

88.   Plaintiffs are seeking wrongful death damages under this claim.

///

///

///

**PLAINTIFFS' COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

SIAS | CARR, LLP
9701 Wilshire Boulevard, 10th Floor #282
Beverly Hills, CA 90212
T: (310) 400-5890  F: (310) 400-5895

SIAS|CARR, LLP
9701 Wilshire Boulevard, 10th Floor #282
Beverly Hills, CA 90212
T: (310) 400-5890 F: (310) 400-5895

# NINTH CAUSE OF ACTION

## Violation of the Bane Act (Cal. Civil Code §§ 52 and 52.1)

## (Plaintiffs THE ESTATE OF LIONEL GIBSON, JR., ALICE V. CORLEY and LIONEL GIBSON, SR. against all Defendants and DOES 1-50, inclusive except CHIEF ROBERT G. LUNA)

89.     Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs, as well as any subsequent paragraphs contained in the Complaint, as if fully set forth herein.

90.     As alleged herein, Defendants interfered by threats, intimidation, or coercion with DECEDENT's rights under state and federal laws and under the state and federal Constitution including, without limitation, the right to be free from excessive force, the right to due process, and the right to bodily integrity, including their rights under California Civil Code § 43, California Penal Code §§ 149, 240 and 242, and his rights under the Fourth and Fourteenth Amendments to the United States Constitution and their rights under Article 1, Sections 1, 7 and/or 13 of the California Constitution.

91.     The Eighth Amendment to the United States Constitution and Article I of the California Constitution guarantee the right of persons to be free from cruel and unusual punishment.  Defendants, by engaging in deliberate indifference to DECEDENT's serious medical needs, interfered with DECEDENT's enjoyment of his rights under federal and California law, thus giving rise to claims for damages pursuant to California Civil Code § 52.1.

92.     Defendants' conduct caused DECEDENT extreme pain and suffering, and loss of life, earning capacity and his relationship with his parents, friends and family.

93.     As a result of their conduct, Defendants are liable for DECEDENT's injuries, either because they were integral participants in the misconduct, or because they failed to intervene to prevent these violations.

**PLAINTIFFS' COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

94.     As a direct and proximate cause of the aforementioned Defendants' acts, Mr. Tate was injured, suffered damages, including, without limitation, loss of earnings and earning capacity, loss of enjoyment of life, pain and suffering, physical injuries and sickness, emotional distress, medical expenses, funeral and burial expenses, attorneys' fees, costs of suit, other pecuniary losses not yet ascertained.

95.     Plaintiffs brings this claim as successors-in-interest for DECEDENT's estate and seeks statutory damages under California Civil Code §52, as well as compensatory and punitive damages according to proof.

**TENTH CAUSE OF ACTION**

**Violation of California Government Code § 845.6**

**(Plaintiffs THE ESTATE OF LIONEL GIBSON, JR., ALICE V. CORLEY and LIONEL GIBSON, SR. against all Defendants and DOES 1-50, inclusive <u>except</u> CHIEF ROBERT G. LUNA)**

96.      Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs, as well as any subsequent paragraphs contained in the Complaint, as if fully set forth herein.

97.     Defendants knew or had reason to know that DECEDENT was in need of immediate medical care and failed to take reasonable action to summon such medical care.

98.     As a direct and proximate cause of the aforementioned Defendants' acts, DECEDENT was injured as set forth above.

99.     Plaintiffs' injuries entitle them to damages pursuant to California Government Code § 845.6.

///

///

///

SIAS │ CARR, LLP
9701 Wilshire Boulevard, 10th Floor #282
Beverly Hills, CA 90212
T: (310) 400-5890 F: (310) 400-5895

**PLAINTIFFS' COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

**WHEREFORE**, Plaintiffs requests relief as hereinafter provided.

## PRAYER FOR RELIEF

1.      For compensatory (or general) damages, including both survival damages and wrongful death damages under federal and state law, in an amount to be proven at trial;

2.      For funeral expenses and loss of financial support;

3.      For punitive damages against the individual defendants in an amount to be proven at trial;

4.      For prejudgment interest;

5.      For an award of general and special damages in the amount to be proven at trial;

6.      For reasonable costs of this suit incurred herein;

7.      For reasonable attorney's fees pursuant to 42 U.S.C. § 1983 & Civ. Code § 52.1(h) and costs as provided by law;

8.      For such further other relief as the Court may deem just, proper and appropriate.

Dated: September 12, 2016                     **SIAS | CARR LLP**


                                              ____*/s/ Peter L. Carr IV*_____
                                              Peter L. Carr, IV
                                              Jason O. Sias
                                              Attorneys for Plaintiffs

SIAS | CARR, LLP
9701 Wilshire Boulevard, 10th Floor #282
Beverly Hills, CA 90212
T: (310) 400-5890 F: (310) 400-5895

**PLAINTIFFS' COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

1

## <u>DEMAND FOR JURY TRIAL</u>

2

Plaintiffs hereby respectfully demand a trial by jury on all issues and claims.

3

4

Dated: September 12, 2016          **SIAS | CARR LLP**

5

6

            ___*/s/ Peter L. Carr IV*_____

Peter L. Carr, IV

7

Na'Shaun L. Neal

Attorneys for Plaintiffs

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SIAS | CARR, LLP
9701 Wilshire Boulevard, 10th Floor #282
Beverly Hills, CA 90212
T: (310) 400-5890 | F: (310) 400-5895

Gibson Complaint REVISED           22

**PLAINTIFFS' COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**